Daniel Saul Coven

30 W Carter Dr

Tempe AZ 85282

480-353-0903

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Saul Coven | Case Number: |
| Plaintiff (Pro Se), | 2:09-cv-00477-FJM |
| vs. | |
| City of Chandler; Chandler Police Department; Lt Greg Jacquin as Commander of Professional Standards Section, Chandler Police Department | Motion to Compel Production of Electronic Records (1) |
| Defendant(s) | |

Plaintiff Respectfully requests the Court to Compel third parties Arizona Department of Public Safety and the Federal Bureau of Investigation to produce copies of electronic records.

**Background**

In his complaint, Plaintiff asserted that Chandler Police Officers likely conducted database searches in the hours after having conducted an improper

vehicle search (Paragraphs 23 and 24). While Plaintiff did not yet specify a specific claim regarding database searches, Defendant Chandler Police Department has responsibilities under Arizona Administrative Code R13-1-201:

> B. A criminal justice agency accessing the ACJIS network shall meet the following security guidelines:
>
> 1. Access and dissemination of information from the ACJIS network is limited to criminal justice agencies for the administration of criminal justice or for criminal justice employment.

Plaintiff contends that such database searches conducted in absence of a specific criminal investigation after an improper vehicle search would also be improper because the searches would have served no legitimate criminal justice purpose. Further, those actions give weight to plaintiff's argument that the Officers were excessive in their actions during and after the stop.

Plaintiff discovered unusually activity in his own electronic records that provide considerable circumstantial evidence that one or more of the officers conducted internet searches. If true, it's not unreasonable to suppose that the officers also searched other available criminal justice databases such as NCIC and ACIS.

**FBI Records**

1  Plaintiff submitted a proper FOIA request for copies of the logs of any
2  searches in NCIC or other FBI databases from 10 PM to 4am on the day of the
3  events (Exhibit 1). Though NCIC is listed within the FOIA required listing of
4  systems of records, FBI responded that such information was not in their
5  normal systems (Exhibit 2). The tracking of access logs has been reported in
6  popular media and is advertised by the FBI to assist connecting multiple law
7  enforcement agencies that might be investigating similar persons, crimes, or
8  properties.

10 Plaintiff then submitted a proper administrative appeal to the Office of
11 Information and Privacy, Department of Justice per FBI FOIA appeal procedures
12 (Exhibit 3). FBI responded by moving the request to a different office citing
13 Privacy Act (Exhibit 4). FBI has not provided a timely response to the
14 appeal.

16 As there should be no active investigation of the plaintiff and the records
17 would not likely provide much insight into law enforcement practices outside
18 the particular incident, FOIA Exemption 7 would not be a legitimate basis for
19 withholding.

21 Plaintiff served subpoena including a copy of the original FOIA request and
22 appeal to aid cross-referencing (Exhibits 5 and 6). FBI has not responded to
23 the subpoena.

25 **Arizona Department of Public Safety**

Plaintiff requested similar access logs from DPS maintained databases such as ACIC under Arizona Public Records Law (Exhibit 7). DPS responded that ARS 42-1750 specifically excludes criminal justice databases (including "network access logs" from an 2006 revision) from public records law (Exhibit 8).

Plaintiff served subpoena upon the Roger Vanderpool, Director of DPS for production of those records (Exhibit 9). DPS responded that ARS 42-1750 does not provide for providing Criminal Justice Information even with Civil Subpoena (Exhibit 10).

ARS 42-1750 is clear on the issue that Network Access logs are part of the Criminal Justice Information exemptions to Public Records Law since a recent 2006 revision, however, Subsection Y(7) reads

> "Criminal justice information" means information that is collected by criminal justice agencies and that is needed for the performance of their legally authorized and required functions, such as criminal history record information, citation information, stolen property information, traffic accident reports, wanted persons information and system network log searches. Criminal justice information does not include the administrative records of a criminal justice agency.

Since the logs may have been generated from unauthorized searches, the logs of those searches should not be considered legally authorized, nor "needed", and therefore would not be protected "Criminal Justice Information". Since

the logs are maintained for system security and to trace unauthorized use, it does not seem reasonable that the records of police transactions would be wholly unavailable in a civil suit claiming improper database use.

## Conclusion

This court should compel the FBI and Roger Vanderpool as Director of Arizona Department of Public Safety to provide timely copies of the requested access log records.

**Dated:** Thursday, April 13th, 2009

Respectfully,

*[signature]*

Daniel Saul Coven

30 W Carter Dr #10-108

Tempe, AZ 85282

480-353-0903

Freedom of Information/Privacy Act Request

Tuesday, October 14th 2008

Federal Bureau of Investigation
Record Information/Dissemination Section
170 Marcel Drive
Winchester, VA 22602-4843

Dear FOIA specialist,

This is a request for any records, particularly electronic, that would indicate a search or attempted search of the National Crime Information Center (NCIC) or other FBI information system for information about myself that may have occurred on March 20th or 21st 2008 by the Chandler Police Department.

The searches may have been conducted using some or all of the following information:

Daniel Coven
Daniel S Coven
Daniel Saul Coven
1889 W Queen Creek RD Apt 1105 Chandler AZ 85282
SSN: 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
Arizona Drivers License: 043682789

**Please Note:** This is not a request for the contents or search results, but for records that would indicate whether such access or search took place, especially any timestamps that would indicate the exact time of such searches.

I have enclosed a Privacy Act Waiver.

Daniel Coven
30 W Carter Dr # 10-108
Tempe, AZ 85282
480-353-0903
foiarequest@tainable.com

2



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

November 18, 2008

MR. DANIEL SAUL COVEN
APARTMENT 10-108
30 WEST CARTER DRIVE
TEMPE, AZ 85282

Request No.: 1122456- 000
Subject: COVEN, DANIEL

Dear Mr. Coven:

This is in response to your Freedom of Information-Privacy Acts (FOIPA) request noted above.

To promptly respond to requests, we concentrate on identifying main files in the central records system at FBI Headquarters. No records responsive to your FOIPA request were located by a search of the automated indices. If you believe the records you seek are maintained at one of our many FBI field offices, you must also make a request to the specific Field Office where you believe the records are maintained.

You may file an administrative appeal by writing to the Director, Office of Information and Privacy, United States Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001, within sixty days from the date of this letter. The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal." Please cite the FOIPA number assigned to your request so that it may be easily identified.

Enclosed for your information is a copy of the FBI File Fact Sheet.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
  Dissemination Section
Records Management Division

Enclosure

## APPEAL: Freedom of Information/Privacy Act Request

Tuesday, November 11th 2008

Office of Information and Privacy

U.S. Department of Justice, Flag Building, Suite 570

Washington, DC 20530-0001

Dear FOIA specialist,

This is an appeal of the "No Records" response to my Oct 14th FOIA request (tracking # 1122456) (enclosed ). I am requesting that a **second search** be performed as there is good reason to believe that some releasable information is available.

While my request is not limited to NCIC, that information system almost certainly received a search query on March 20th, 2008 for myself as the Chandler Police Department did "run a check" at 23:21 Arizona time through their CAD system and Chandler's commonly uses NCIC. I seek to uncover any logs that might indicate additional access attempts after 23:55 Arizona time.

Secondly, because of the vast efforts to secure the NCIC database from unauthorized access, which would normally include time-stamping and logging search request, and reports of law enforcement agencies being able to see other agencies who have inquired about a person, it is only reasonable to conclude that the NCIC system stores the requested information.

If such information is not readily available, please note that courts have found that requestors are entitled to reasonable programming to retrieve database information.

If provided with another "no records" response, I would appreciate any comments about the cause, such as logs being destroyed, no logs kept, or no query being performed.

Daniel Coven

30 W Carter Dr # 10-108

Tempe, AZ 85282

480-353-0903

foiarequest@tainable.com



**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*  Washington, D.C. 20530

February 13, 2009

Mr. Daniel Coven
No. 10-108
30 W Carter Drive
Tempe, AZ 85282

Dear Mr. Coven:

Your appeal assigned Appeal No. 09-0462 pertaining to your request for an amendment or an accounting pursuant to the Privacy Act of 1974 has been forwarded to the Office of Privacy and Civil Liberties (OPCL) for processing. OPCL will adjudicate your appeal and will respond to you directly. If you would like to inquire about the status of your appeal, please contact OPCL directly at the following address:

> Office of Privacy and Civil Liberties
> U.S. Department of Justice
> 1331 Pennsylvania Avenue, NW
> Suite 940
> Washington, DC 20530
> (202) 514-0208

Sincerely,

Priscilla Jones
Supervisory Administrative Specialist

# AFFIDAVIT OF SERVICE

5

| State of Arizona | County of | District Court |
|---|---|---|

Case Number: 00-

Plaintiff:
**Daniel Saul Coven**

vs.

Defendant:
**City Of Chandler**

For:
Daniel Coven
30 W. Carter Drive
# 10-108
Tempe, AZ 85282

Received by VANHORN & VANHORN, INC. on the 16th day of March, 2009 at 12:59 pm to be served on **FBI, CJIS Division, 1000 Custer Hollow Road, Clarksburg, WV 26301**.

I, Roger A. Harper, being duly sworn, depose and say that on the **20th day of March, 2009 at 1:25 pm, I:**

served a **CORPORATION** by delivering a true copy of the **Subpoena** with the date and hour of service endorsed thereon by me, to: **Scott Coffman** as **Material Handler** for **FBI**, at the address of: **1000 Custer Hollow Road, Clarksburg, WV 26301.**

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

Subscribed and Sworn to before me on the 25th day of March, 2009 by the affiant who is personally known to me.

_Freda L. Rankes_
NOTARY PUBLIC

Roger A. Harper
Process Server

VANHORN & VANHORN, INC.
215 West Main Street
Suite 102
Clarksburg, WV 26301
(304) 623-1362
Our Job Serial Number: 2009000570

Copyright © 1992-2006 Database Services, Inc. - Process Server's Toolbox V6.2u

6.1

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF **Arizona**

Daniel Saul Coven

V.

City of Chandler

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]

TO: FBI CJIS Division
1000 Custer Hollow Road
Clarksburg, West Virginia 26306

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

CJIS computer logs indicating query, time and date, and users of searches conducted by Chandler Police or officers from 10pm 3/20/2008 to 4am 3/21/2008 regarding Name: Daniel S (Saul) Coven, Address: 1889 West Queen Creek Rd Chandler 85248, License Plate: HPG-067 or variations

| PLACE  Mailed to Plaintiff at 30 W Carter Dr # 10-108 Tempe AZ 85282 before, or delivered to the Clerk of Court Federal District Court for District of Arizona on | DATE AND TIME  4/10/2009 4:00 pm |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  **RICHARD H. WEARE** | DATE  3/10/09 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

[signature]

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE 20 MAR 09  1:25 PM | PLACE FBI CJIS DIVISION  1000 CUSTER HOLLOW RD  Clarksburg, WV 26301 |
|---|---|---|
| SERVED |  |  |
| SERVED ON (PRINT NAME) Scott Coffman |  | MANNER OF SERVICE CORPORATE |
| SERVED BY (PRINT NAME) ROGER A HARPER |  | TITLE Process Server |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  20 MAR 2009
            DATE

SIGNATURE OF SERVER

215 W MAIN ST
ADDRESS OF SERVER

Clarksburg, WV 26301

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
 (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
 (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
 (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
 (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
  (i) fails to allow reasonable time for compliance;
  (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
  (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) If a subpoena
  (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
  (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
  (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
 (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
 (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
 (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
 (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
 (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
 (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# ARIZONA DEPARTMENT OF PUBLIC SAFETY



## Public Records Request

**PRU FILE NUMBER (FOR DPS USE ONLY):** 3206

**TODAY'S DATE:** 11/24/08
**REPORT NUMBER (IF KNOWN):** none
**DATE OF EVENT:** 3/20/2008-3/21/2008
**TIME OF EVENT:** 3/20 22:57 to 3/21 4:00
**SUBJECT'S NAME:** Daniel Saul Coven
**DOB:** 4/1/71
**EVENT LOCATION (HIGHWAY/MILEPOST OR STREET ADDRESS):**
**LICENSE PLATE NUMBER:** 067HPG
**VIN NUMBER:**
**INVESTIGATING OFFICER NAME:** Smith #616, McClain #380 et al
**BADGE NUMBER:**

**DESCRIBE THE TYPE OF REPORT OR INFORMATION ARE YOU REQUESTING (be specific and provide as much information as possible):**

Requesting "records" from ACIS and other systems that might contain information indicating the time and date of attempts by Chandler Police or its Officers to search for my personal information such as name (and variants), License Plate, Home Address (and variants). Of particular interest would be any such attempt between 11:55pm on 3/20 and 4:00am on 3/21, attempts between 10:57pm and 11:55pm on 3/20 should be included.

**REQUESTOR'S NAME:** Daniel Saul Coven
**COMPANY NAME IF APPLICABLE:**
**MAILING ADDRESS:** 30 W Carter Dr #10-108, Tempe, AZ 85282
**DAYTIME PHONE:** (480) 353-0903
**FAX NUMBER:** ( )
**EMAIL:** FOIARequest@tainable.com
**WHEN THE RECORDS ARE AVAILABLE, PLEASE FORWARD THE INVOICE TO THE REQUESTOR VIA:**
[X] USPS MAIL  [ ] FAX  [X] EMAIL

The Public Records Unit accepts email requests for records, but does not respond to email. Requests for records may take 15-20 days to process, depending on the nature of the request. Please not do call the Public Records Unit to check on the status of your request.

Public Records Unit
P. O. Box 6638  Mail Drop 1200
Phoenix, Arizona 85005-6638
Phone (602) 223-2345
Fax (602) 223-2945
Email Requests Only: Public_Records@azdps.gov

*[Signature]*  11/24/08

8

# ARIZONA DEPARTMENT OF PUBLIC SAFETY

2102 WEST ENCANTO BLVD. P.O. BOX 6638, PHOENIX, ARIZONA 85005-6638 (602) 223-2000

JANET NAPOLITANO
GOVERNOR

ROGER VANDERPOOL
DIRECTOR

**Date:** 12/04/08 **PRR:** 2008-3206 **RE: Attached Request**

☐ We are pleased to enclose the information you requested.

☐ We are pleased to enclose the information you requested with the exception of the lab report(s) which are not complete at this time. Please resubmit a request for the lab report(s) at a later date.

☐ Enclosed is an invoice for the public records information you requested. Please remit by mail the total amount due in the form of a business check, cashier check or money order, made payable to: AZ DPS. ***Personal checks will not be accepted.*** Once payment is received, the records will be mailed to you.

☐ Enclosed is an invoice for the report you requested. Please choose one or more of the formats indicated on the invoice for the photos taken, total the invoice and return the invoice with your check for the total amount due (***no personal checks accepted***).

☐ The information you requested is not public record and will not be released at this time.

☐ The following records were not located or have been purged/destroyed:

- 911/Radio tapes or Radio Log/CAD
- Offense/arrest/incident report
- Photos
- DVD or videos of the incident
- Interview tapes or videos

☒ Miscellaneous notes: the records you are looking for are not public record in accordance with ARS 41-1750 and will not be released.

**Contact Public Records @ phone number 602-223-2345 or fax number 602-223-2945 with further questions.

9.1

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF _____Arizona_____

Daniel Saul Coven

V.

City of Chandler

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]

TO: Director Roger Vanderpool
Arizona Department of Public Safety
2102 W Encanto Blvd Phoenix, AZ 85005-6638

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

ACIS, or similar systems, computer logs indicating query, time and date, and users of searches conducted by Chandler Police or officers from 10pm 3/20/2008 to 4am 3/21/2008 regarding Name: Daniel S (Saul) Coven, Address: 1889 West Queen Creek Rd Chandler 85248, License Plate: HPG-067 or variations.

| PLACE   Mailed to Plaintiff at 30 W Carter Dr # 10-108 Tempe AZ 85282 before, or delivered to the Clerk of Court Federal District Court for District of Arizona on | DATE AND TIME  4/10/2009 4:00 pm |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  RICHARD H. WEARE | DATE  3/1?/09 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 3/18/2009 | 2102 W Encanto Blvd. Phoenix AZ, 85005 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Officer Hale #3999 Authorized to accept | Served Duty Officer |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Daniel Ortiz | Process Server 7505 |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    3/19/2009
                  DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER    Arizona Quick Serve
9393 N 90th St. Ste 121
[illegible] AZ [illegible]

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# ARIZONA DEPARTMENT OF PUBLIC SAFETY

2102 WEST ENCANTO BLVD.   P.O. BOX 6638   PHOENIX, ARIZONA 85005-6638   (602) 223-2000

*"Courteous Vigilance"*

JANICE K. BREWER   ROGER VANDERPOOL
Governor   Director

March 24, 2009

Mr. Daniel Saul Coven
1889 W Queen Creek Rd
Chandler, AZ 85248

Mr. Coven:

The Department of Public Safety (DPS), Public Records Unit is in receipt of your civil subpoena regarding Daniel Saul Coven v. City of Chandler. Previously, you had sent a public records request for information from the ACJIS network, to include queries, searches etc. conducted by the Chandler Police Department regarding vehicle license plate HPG-067. The Department responded to your request by citing ARS§41-1750 which prohibits the release of the information you requested.

At this time the subpoena is also being returned to you citing the same state statute. The information obtained from the ACJIS network cannot be released through the subpoena process either. Please refer to the statute, which is lengthy but clearly states the information obtained from the ACJIS network cannot be released, this include log searches.

If you have any questions, please feel free to contact me at 602-223-2702.

Sincerely,

*Teresa Fuentes*

Teresa Fuentes, Documents Custodian
Arizona Department of Public Safety
Public Records Unit
P.O. Box 6638, MD 1200
Phoenix, Arizona 85005
Email: tfuentes@azdps.gov