Daniel Saul Coven

30 W Carter Dr

Tempe AZ 85282

480-353-0903

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Saul Coven | ) Case Number: |
| Plaintiff (Pro Se), | ) 2:09-cv-00477-FJM |
| vs. | ) |
| City of Chandler; Chandler Police Department; Lt Greg Jacquin as Commander of Professional Standards Section, Chandler Police Department | ) Renewed Motion to Compel Production of Electronic Records |
| Defendant(s) | ) |

Plaintiff respectfully requests the Court order non-party Arizona Department of Public Safety to produce copies of electronic records.

Original motion was denied **without prejudice** for failure to serve defendants and for unspecified violations of FRCP related to non-parties (Doc 8).

**Exhaustion of Remedies**

1  Plaintiff submitted a Public Record Law request on November 24, 2008 (Doc 5
2  Exhibit 7) for logs of database searches by Chandler officers related to the
3  plaintiff. DPS denied the request on December 4, 2008 because the request was
4  not for public records per ARS 41-1750 (Doc 5 Exhibit 8).
5
6  On March 18, 2008 Plaintiff served Roger Vanderpool, Director of DPS and
7  custodian of records per ARS 41-1750 (Doc 5 Exhibit 9) with a subpoena
8  requesting:
9      ACIS, or similar systems, computer logs indicating query, time and
10     date, and users of searches conducted by Chandler Police or officers
11     from 10pm 3/20/2008 to 4am 3/21/2008 regarding Name: Daniel S (Saul)
12     Coven, Address: ######################## Chandler 85248, License
13     Plate: ###-### or variations.
14
15 DPS again denied the request on March 24, 2008 citing once again ARS 41-1750
16 as not providing for release under through the subpoena process (Doc 5
17 unlabeled [Exhibit 10]).
18
19 Finally, Plaintiff submitted a final appeal for the records on September 10,
20 2009 (Exhibit 1) to Director Vanderpool.  The request has not been answered.
21
22 **ARS 41-1750**
23 ARS 41-1750(G) restricts disclosure of information contained in criminal
24 justice databases.
25

> The director shall authorize the exchange of criminal justice information between the central state repository, or through the Arizona criminal justice information system, whether directly or through any intermediary, only as follows:

The law then specifies 22 separate authorized means of disclosure.

The logs sought are clearly "Network Access logs", a component of "Criminal Justice Information" since a recent 2006 revision, however, Subsection Y(7) reads

> "Criminal justice information" means information that is collected by criminal justice agencies and that is needed for the performance of their legally authorized and required functions, such as criminal history record information, citation information, stolen property information, traffic accident reports, wanted persons information and system network log searches. Criminal justice information does not include the administrative records of a criminal justice agency.

Since the logs may have been generated from unauthorized searches, the logs of those searches should not be necessarily be considered "legally authorized", nor "needed for the performance of their legally authorized and required functions", and therefore would not be protected "Criminal Justice Information". Since the logs are maintained for system security and to trace unauthorized use, it does not seem reasonable that the records of police transactions would be wholly unavailable in a civil suit claiming improper database use such as this case.

Also, ARS 41-1750(G) 4 permits disclosure with any individual, provided that it's used for a lawful purpose:

> With any individual for any lawful purpose on submission of the subject of record's fingerprints and the prescribed fee.

Additionally, if the database searches are protected within the definition of ARS 41-1750, the records should still be released since they would indicate the activities of the Officers after the search and the city has already admitted that the officers continued to investigate the Plaintiff after he was allowed to leave.

### Conclusion

This court should compel Roger Vanderpool as Director of Arizona Department of Public Safety to provide timely copies of the requested access log records to the plaintiff, or in the alternative, to provide such records to the court for *in camera* inspection.

**Dated:** Thursday, October 15, 2009

Respectfully,

*Daniel SCM* (signature)

Daniel Saul Coven

30 W Carter Dr #10-108

Tempe, AZ 85282

480-353-0903

Exhibit 1

September 10, 2009

Roger Vanderpool
Arizona Department of Public Safety
2102 W Encanto Blvd
Phoenix AZ 85005-6638

Dear Mr Vanderpool,

I realize it's been a few months since I received DPS's response to my subpoena for log information from ACJIS relating to Chandler Police Department activities on March 20th and 21st 2008.

The FBI CJIS division has responded to a similar subpoena after consulting with the US Attorney's Office for the district of Arizona. Those records indicate the officers did in fact conduct a second set of NCIC searches after I was released. However, I would still like to have logs from ACJIS to determine whether there were additional searches in Arizona databases.

I have read through ARS 41-1750 and cannot see where DPS is preventing from providing this information.

First, the log information would only be "criminal justice information" if it was used for legitimate criminal justice purposes, which is the issue in my current case [Y(7)].

Second, even if the documents cannot be delivered to me, the Federal court is certainly is a "criminal justice agency" entitled to receive the information.

Third, the law clearly allows for exchange "for any lawful purpose" [G(4)]. That section does not limit to criminal history information as the federal CJIS statute does.


Hopefully you'll agree that obtaining a court order for production would be a time consuming and expensive. Could you please consult with the appropriate attorneys to determine if my request can be fulfilled without a court order?

Federal Civil Rule 37 would obligate DPS to pay the expenses related to a motion to compel.


Thanks,

Daniel Coven
30 W Carter Dr #10-108
Tempe, AZ 85282
legalstuff@tainable.com
480-353-0903