**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Saul Coven, | No. CV-09-00477-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| City of Chandler; Chandler Police Department; Lt. Greg Jacquin, Commander of Professional Standards Section, Chandler Police Department, | |
| Defendant. | |

Plaintiff Daniel Saul Coven brings this action under 42 U.S.C. § 1983 asserting an unlawful stop and search against defendants Chandler, Chandler Police Department, and Greg Jacquin. In connection with this action, plaintiff subpoenaed information from non-party Arizona Department of Public Safety ("DPS"). The court has before it plaintiff's renewed motion to compel production of electronic records (doc. 28), a response by DPS (doc. 31), and plaintiff's reply (doc. 32). We also have before us plaintiff's motion to amend and correct the complaint (doc. 36) and defendants' response (doc. 34).

As an initial matter, we deny plaintiff's motion for leave to amend as moot. We granted plaintiff's prior motion for leave to amend (doc. 12) in an order dated September 25, 2009 (doc. 25). However, his prior motion contained only a redline version of his first

amended complaint and he failed to separately lodge it as a proposed amended complaint. Plaintiff has now lodged a proposed first amended complaint that is identical to his original redline version and we will direct the clerk to file it. We note that defendants have already answered plaintiff's first amended complaint (doc. 26). They need not do so again. Plaintiff is advised that defendants' answer filed on October 9, 2009 is the answer to his first amended complaint.

**I.**

On March 20, 2008, plaintiff was apparently parked near a closed city park in Chandler around 11pm when he was questioned by members of the Chandler Police Department. When an officer asked for permission to search his vehicle, plaintiff allegedly responded, "I am going to say that you may, but under serious protest." Nevertheless, plaintiff brings this action asserting an unconstitutional search under the Fourth Amendment because he did not give his consent. He also claims that police officers performed unauthorized searches of federal and state criminal justice information databases hours afterward. Through record requests and subpoenas, plaintiff sought electronic logs of these alleged searches from the Federal Bureau of Investigation ("FBI") in connection with the National Crime Information Center ("NCIC") and DPS in connection with the Arizona Criminal Justice Information System ("ACJIS"). We previously denied a motion to compel production of these logs for lack of proper service (doc. 8). Plaintiff has since obtained the information he sought from the FBI. He now renews his motion to compel with respect to DPS. Plaintiff contends that the information is either not subject to a state statute, A.R.S. § 41-1750, which limits access to ACJIS content, or it is otherwise subject to a subpoena in this action. DPS responds that the information is covered by § 41-1750 and it is therefore unable to release it to plaintiff.

**II.**

DPS is responsible for managing the ACJIS, which contains Arizona criminal history records and related criminal justice information. A.R.S. § 41-1750(A). In order to protect the confidentiality of the data, DPS is only authorized to disseminate criminal justice

1  information to proper recipients under § 41-1750.  The statute defines criminal justice
2  information as "Information that is collected by criminal justice agencies and that is needed
3  for the performance of their legally authorized and required functions, such as criminal
4  history record information, citation information, . . . and system network log searches."
5  A.R.S. § 41-1750(Y)(7).  Plaintiff and DPS agree that plaintiff seeks system network log
6  searches that would ordinarily qualify as criminal justice information.  However, plaintiff
7  contends that the system network log searches in question do not constitute criminal justice
8  information because the searches were not legally authorized or needed for the performance
9  of required functions.  This is not a fair reading of the statute.  The definition of criminal
10 justice information includes categories of information.  The misuse of information of a
11 certain category does not change its character such that it is no longer of that category.

12 Next, plaintiff contends that he is a proper recipient of the information in any case
13 because the statute authorizes DPS to exchange such information "With any individual for
14 any lawful purpose on submission of the subject of record's fingerprints and the prescribed
15 fee."  A.R.S. § 41-1750(G)(4).  A subject of record is further defined as "the person who is
16 the primary subject of a criminal justice record."  A.R.S. § 41-1750(Y)(11).  The network
17 system log searches plaintiff seeks are not subject to this provision because they do not
18 concern information collected on individuals and are thus not records.  Even if they were, the
19 officers and not plaintiff would be the primary subjects.  Therefore, we conclude that plaintiff
20 seeks information protected by § 41-1750.

21 Nevertheless, DPS is incorrect that this conclusion ends our inquiry.  Plaintiff's status
22 as an improper recipient does not mean that the information sought is not subject to a proper
23 subpoena issued by this court. Our Local Rules contain procedures for seeking leave of court
24 to file information under seal in order to satisfy confidentiality concerns.  See LRCiv 5.6.
25 The issue is whether the subpoena in question is proper.

26 Parties may discover non-privileged information that is relevant to any party's claim
27 or defense.  Rule 26(b)(1), Fed. R. Civ. P.  Because individuals do not have a reasonable
28 expectation of privacy in their criminal history information, even unwarranted searches of

databases such as the NCIC and the ACJIS do not violate their constitutional rights. See Eagle v. Morgan, 88 F.3d 620, 627-28 (8th Cir. 1996). Moreover, whether or not § 1983 provides plaintiff redress for a violation of a federal law in connection with unauthorized access of the NCIC, it would not do so with respect to state law. And any such federal law presumably would not apply to access of the ACJIS. Indeed, because plaintiff already has similar information from the FBI concerning the NCIC, he would not need the information he seeks from DPS even if it could advance his claims. Thus, the subpoena in question seeks information that is both irrelevant and unreasonably cumulative. See Rule 26(b)(2)(C)(i), Fed. R. Civ. P. Accordingly, we deny plaintiff's motion to compel.

**IT IS THEREFORE ORDERED DENYING** plaintiff's motion to amend and correct complaint (doc. 36) on grounds of mootness. The clerk shall file plaintiff's lodged proposed amended complaint (doc. 37) in connection with the order dated September 25, 2009 (doc. 25) under former LRCiv 15.1(c).

**IT IS FURTHER ORDERED DENYING** plaintiff's renewed motion to compel production of electronic records (doc. 28).

DATED this 4th day of December, 2009.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge