**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Saul Coven,<br><br>    Plaintiff,<br><br>vs.<br><br>City of Chandler, et al.,<br><br>    Defendants. | No. CV-09-00477-PHX-FJM<br><br>**ORDER** |

The court has before it defendant Chandler's motion for summary judgment (doc. 73), plaintiff Daniel Coven's amended response (doc. 84), and defendant's reply (doc. 92).

**I**

On March 20, 2008, around 11:00 p.m., Chandler police officers Kevin Smith and Kelly McClain noticed plaintiff sitting in the driver's seat of a car parked next to a closed city park. The car was within 100 yards of a Chandler Police Department substation. Smith and McClain say that they decided to stop and speak with plaintiff because individuals sometimes monitor the police substation at night to alert accomplices committing burglaries.

When Smith approached the driver's side door, he saw a laptop and a scanner in the front of the car. Smith allegedly identified the scanner as a police scanner. Plaintiff concedes that it was a police scanner, but he disputes that Smith could have distinguished it from similar radios. Smith asked plaintiff for his identification and questioned him about his

1 activities. Plaintiff said that he was living in his car because he was in the middle of a
2 dispute with his neighbor. Smith asked plaintiff to step out of the car so that he could speak
3 with him. When plaintiff got out of the car, he realized that four additional officers and two
4 additional patrol cars were present. The lights on the patrol cars were flashing. Smith asked
5 plaintiff for permission to search his car. Plaintiff responded, "I am going to say that you
6 may, but under serious protest." DSOF ¶ 16. Plaintiff was told to have a seat on the curb
7 during the search. Several officers apparently asked him questions while he was waiting.

After Smith completed a search of the passenger compartment, he asked plaintiff to
9 open the trunk. Plaintiff opened the trunk and the bags that were in it. Coven Deposition at
10 58. He was then allowed to leave, about forty minutes after the officers arrived. Later that
11 night, officers allegedly searched Google and a National Crime Information Center database
12 using plaintiff's name.

13 According to plaintiff, the Chandler Police Department revised its disciplinary policy
14 in January 2007 to allow supervisors, rather than a "Professional Standards Section," to
15 review complaints of police misconduct. Amended Complaint at 9. He alleges that the
16 policy change led to a substantial reduction in the number of sustained complaints. He
17 apparently relies on a newspaper article, a Chandler Police Board hearing transcript, and a
18 Chandler Police Department annual report. PSOF ¶ 27. But he does not offer these
19 documents as evidence.[1]

20 Plaintiff alleges that Chandler police officers violated his Fourth Amendment right
21 to be free from unreasonable searches and seizures. He also alleges that he was deprived of
22 equal protection under the Fourteenth Amendment. Moreover, plaintiff asserts that the
23 alleged database query "may have violated State and Federal law." Amended Complaint at
24 9. He claims that defendant is liable under the Civil Rights Act of 1871, 42 U.S.C. § 1983,

25

26 [1]For this reason, defendant's hearsay objection to plaintiff's reliance on the newspaper
article is moot. Defendant also objects to many of plaintiff's statements of fact based on a
27 lack of evidence. We consider the sufficiency of plaintiff's evidence in the context of
28 defendant's motion for summary judgment.

- 2 -

because its disciplinary policy was the moving force behind the officers' actions.

**II**

The Civil Rights Act of 1871, 42 U.S.C. § 1983, provides a remedy for individuals deprived of federal civil rights by state actors. A municipality may be liable for a deprivation that it causes, but it cannot be liable solely because it employs someone who causes a deprivation. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691, 98 S. Ct. 2018, 2036 (1978). To prevail, plaintiff must show that a Chandler police officer deprived him of a right protected by the Constitution or laws of the United States and defendant had a municipal policy or custom that was the moving force behind the officer's actions. See Conn v. City of Reno, 591 F.3d 1081, 1102 (9th Cir. 2010). Plaintiff relies on defendant's disciplinary policy and contends that it "created a persistent failure to discipline within the department." Response at 3. "Where a plaintiff claims that the municipality has not directly inflicted an injury, but nonetheless has caused an employee to do so, rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee." Bd. of Cnty. Comm'rs. v. Brown, 520 U.S. 397, 405, 117 S. Ct. 1382, 1389 (1997). Because plaintiff claims that defendant is liable under § 1983 for failing to address an allegedly deficient policy, he must also show that defendant's disciplinary policy amounted to "deliberate indifference." See Conn, 591 F.3d at 1102. The deliberate indifference standard is only met where a municipal actor disregards a known or obvious consequence of his decision not to act, "namely, a violation of a specific constitutional or statutory right." Brown, 520 U.S. at 409, 117 S. Ct. at 1391.

Defendant challenges plaintiff's ability to show a municipal policy. It points out that plaintiff fails to offer any evidence concerning defendant's disciplinary policy. As noted above, the three documents plaintiff mentions in his statement of facts, a newspaper article, a hearing transcript, and an annual report, are not in the record. PSOF ¶ 27. Because plaintiff lacks evidence to support an essential element of his claim, defendant is entitled to summary judgment.

Even assuming that plaintiff could support his allegations involving defendant's

- 3 -

disciplinary policy, defendant contends that plaintiff cannot show a causal link between a policy and an alleged deprivation. We agree. To be the moving force behind the violation of a federal right, the failure of a policy must be "closely related to the ultimate injury." Conn, 591 F.3d at 1103 (quotation omitted). Plaintiff's theory of causation is insufficient as a matter of law because it is too general. He alleges that defendant changed its disciplinary policy by allowing supervisors to review citizen complaints rather than a "Professional Standards Section." Amended Complaint at 9. According to plaintiff, this change led to fewer sustained complaints of police misconduct and allowed Chandler police officers to violate his federal rights without fear of discipline. However, plaintiff fails to show any relationship between supervisors reviewing complaints or a decrease in sustained complaints and unlawful searches or seizures. Plaintiff's § 1983 claim fails because he cannot show causation.

Similarly, plaintiff cannot show that defendant disregarded a known or obvious risk that its disciplinary policy would cause violations of specific constitutional or statutory rights. He does not offer evidence that defendant was aware of any unlawful searches or seizures. An unlawful search or seizure is by no means an obvious consequence of having supervisors review complaints or a reduction in sustained complaints. Thus, plaintiff's § 1983 claim also fails because he cannot show that defendant was deliberately indifferent.

In Brown, the United States Supreme Court warned that failing to adhere to standards of causation and culpability would allow municipal liability under § 1983 to collapse into liability based solely on employment. 520 U.S. at 415, 117 S. Ct. at 1394. These standards would be meaningless if a municipality could be liable for its employees' actions based on an administrative change to a disciplinary policy which leads to fewer sustained complaints. Because plaintiff cannot show a policy, causation, or culpability, we grant defendant's motion for summary judgment. Defendant's remaining contentions concerning the constitutionality of its employees' actions and the propriety of injunctive relief are moot.

Accordingly, **IT IS ORDERED GRANTING** defendant's motion for summary judgment (doc. 73).

1    The clerk shall enter final judgment in favor of defendant and against plaintiff.

2    DATED this 6th day of October, 2010.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge